UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| CURTIS CAMPBELL, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CAUSE NO: 1:20-cv-1896 |
| | ) |
| NATIONAL SALVAGE & SERVICE CORPORATION, | ) |
| | ) |
| | ) |
| Defendant. | ) |

**COMPLAINT AND DEMAND FOR JURY TRIAL**

1. Plaintiff, Curtis Campbell ("Campbell"), brings this action against Defendant, National Salvage & Service Corporation ("Defendant"), for violating his rights as protected by the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101 *et seq.*, the Virginia Worker's Compensation Statute, Va. Code Ann. § 65.2-308, and the public policy outlined in *Frampton v. Central Indiana Gas Co.*, 297 N.E.2d 425 (Ind. 1973)..

**PARTIES**

2. Campbell has at all times resided in Pennsylvania.

3. Defendant is a for-profit corporation doing business in the Southern District of Indiana.

**JURISDICTION AND VENUE**

4. This Court has jurisdiction over Richardson's federal claims pursuant to 28 U.S.C. § 1331 and 42 U.S.C. § 12117, and has supplemental jurisdiction over Campbell's state law claim pursuant to 28 U.S.C. § 1367(a).

5. Campbell is an "employee" as defined by 42 U.S.C. § 12111(4).

6. Defendant is an "employer" as defined by 42 U.S.C. § 12111(5).

7. Campbell has satisfied his obligations to exhaust his administrative remedies, having filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC") on or around November 4, 2019. The EEOC issued a right-to-sue notice of Richardson on or around June 8, 2020. Campbell now timely files this lawsuit.

8. Venue is proper in this Court because Defendant is located in Monroe County, Indiana, which is located in the Southern District of Indiana, Indianapolis Division.

## FACTUAL ALLEGATIONS

9. Defendant hired Campbell as an operator (grapple trucks) on or around March 19, 2017.

10. At all relevant times Campbell's work performance met Defendant's reasonable expectations.

11. In early June 2019, Campbell was bit by a tick while working for Defendant.

12. As a result of the tick bite, Campbell contracted Lyme disease.

13. As a result, Campbell has been a qualified individual with a disability which interferes with one or more activity of daily life.

14. As a result of the symptoms of Lyme disease, Campbell requested a reasonable accommodation from Defendant in the form of medical leave from on or around June 23, 2019, through August 16, 2019.

15. Campbell's request for an accommodation constituted protected activity under the ADA.

16. Because Campbell believed he suffered the tick bite while working in Virginia, Defendant filed a claim for worker's compensation on Campbell's behalf under Virginia's worker's compensation law.

17. The claim for worker's compensation benefits was filed pursuant to Virginia's Worker's Compensation Statute, Va. Code An. §§ 65.2-100 *et seq*.

18. On August 5, 2019, Campbell and Defendant were informed that Defendant's worker's compensation carrier rejected Campbell's claim.

19. On August 5, 2019, Defendant terminated Campbell's employment.

20. Defendant refused to grant Campbell a reasonable accommodation for his disability and refused to engage in the interactive process.

21. Defendant took adverse action against Campbell because of his disability, because he engaged in protected conduct under the ADA, and/or because he filed a claim for worker's compensation benefits.

22. Defendant has accorded more favorable treatment to similarly-situated employees who are not disabled, have not engaged in protected conduct under the ADA, and/or who have not filed claims for worker's compensation benefits.

23. Campbell has suffered and continues to suffer injuries as a result of Defendant's unlawful conduct.

## CAUSES OF ACTION

### COUNT I - DISABILITY DISCRIMINATION

24. Campbell incorporates by reference paragraphs 1-23 of his Complaint.

25. Campbell is a qualified individual with a disability.

26. Defendant terminated Campbell because of his disability.

27. Defendant accorded more favorable treatment to similarly-situated employees who are not disabled.

28. Defendant's actions were intentional, willful, and in reckless disregard of Campbell's rights as protected by the ADA.

## COUNT II - FAILURE TO ACCOMMODATE

29. Campbell incorporates by reference paragraphs 1-28 of his Complaint.

30. Campbell requested reasonable accommodations for his disability by requesting medical leave.

31. Defendant unreasonably denied Campbell's request for a reasonable accommodation.

32. Defendant failed to engage in the interactive process.

33. Defendant's actions were intentional, willful, and in reckless disregard of Campbell's rights as protected by the ADA.

## COUNT III - ADA RETALIATION

34. Campbell incorporates by reference paragraphs 1-33 of his Complaint.

35. Campbell engaged in protected conduct when he requested a reasonable accommodation.

36. Defendant terminated Campbell in retaliation for his protected conduct.

37. Defendant has accorded more favorable treatment to similarly-situated employees who had not engaged in statutorily-protected conduct.

38. Defendant's actions were intentional, willful, and in reckless disregard of Campbell's rights as protected by the ADA.

## COUNT IV - WORKER'S COMPENSATION RETALIATION

39. Campbell incorporates by reference paragraphs 1-38 of his Complaint.

40. Defendant terminated Campbell for filing a claim for worker's compensation benefits in violation of Va. Code Ann. § 65.2-307.

41. Defendant has accorded more favorable treatment to similarly-situated employees who did not file worker's compensation claims.

## COUNT V - WRONGFUL TERMINATION

*Frampton v. Central Indiana Gas Co.*, 297 N.E.2d 425 (Ind. 1973)

42. Campbell incorporates by reference paragraphs 1-41 of his Complaint.

43. Defendant terminated Campbell in violation of the public policy outlined in *Frampton v. Indiana Gas Co.*, 297 N.E.2d 425 (Ind. 1973).

44. Defendant has accorded more favorable treatment to similarly-situated employees who did not file worker's compensation claims.

## REQUESTED RELIEF

WHEREFORE, Plaintiff, Curtis Campbell, by counsel, respectfully requests that the Court find for her and order that Defendant:

    a. Reinstate Campbell to the same position, salary, and seniority, or in the alternative, pay Campbell front pay in lieu of reinstatement;

    b. Pay lost wages and benefits to Campbell;

    c. Pay compensatory damages to Campbell;

    d. Pay punitive damages to Campbell;

    e. Pay pre-and post-judgment interest to Campbell;

    f. Pay Campbell's reasonable attorney's fees and costs incurred in pursuing this matter; and

    g. Provide to Campbell any and all other legal and/or equitable relief that this Court determines appropriate and just to grant.

Respectfully submitted,

John H. Haskin, Attorney No. 7576-49
Samuel M. Adams, Attorney No. 28437-49
JOHN H. HASKIN & ASSOCIATES
255 North Alabama Street, 2nd Floor
Indianapolis, Indiana  46204
Telephone:	(317)955-9500
Facsimile:	(317)955-2570
Email:	jhaskin@jhaskinlaw.com
	sadams@jhaskinlaw.com

## JURY DEMAND

Plaintiff respectfully requests a jury trial for all issues deemed triable.

Respectfully submitted,

John H. Haskin, Attorney No. 7576-49
Samuel M. Adams, Attorney No. 28437-49
JOHN H. HASKIN & ASSOCIATES
255 North Alabama Street, 2nd Floor
Indianapolis, Indiana  46204
Telephone:	(317)955-9500
Facsimile:	(317)955-2570
Email:	jhaskin@jhaskinlaw.com
	sadams@jhaskinlaw.com